IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SIGIFREDO MOLINA VARELA,

    Petitioner,

v.                                                                      Case No. 2:24-cv-02587-MSN-atc

WARDEN HARRISON,

    Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISSMISSING PETITION AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed on August 16, 2024, by Petitioner Sigifredo Molina Varela, a former federal prisoner.[1] (ECF No. 2, "§ 2241 Petition.") Respondent Warden Harrison filed a Motion to Dismiss on April 17, 2025. (ECF No. 10.) Petitioner then filed a response to the Motion to Dismiss on May 1, 2025. (ECF No. 11.)

For the reason below, the Court **GRANTS** Warden Harrison's Motion to Dismiss and **DISMISSES** the § 2241 Petition as moot.

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 2 at PageID 2.) He was released from custody on Oct. 27, 2025. *See* https://www.bop.gov/inmateloc/ (Register No. 12669-091) (last accessed Feb. 17, 2026). Petitioner has not notified the Court any his new address.

## BACKGROUND

On January 15, 2013, a grand jury in the United States District Court for the District of Wyoming returned a two-count indictment charging Varela with conspiracy to possess with intent to distribute, and to distribute, methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One), and with possession of a firearm in furtherance of a drug felony, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). (*See* Case No. 2:13-cr-00004-ABJ (D. Wyo.), ECF No. 1.) A jury found Varela guilty on both counts of the indictment. (*Id.*, ECF No. 218.) A federal district court judge in the District of Wyoming sentenced Varela to 120 months of imprisonment as to Count 1, and to 60 months as to Count 2, to be served consecutively, for an aggregate sentence of 180 months, followed by a 5-year term of supervised release. (*Id.*, ECF No. 336.) Varela appealed. On August 13, 2014, the judgment of the district court was affirmed. *United States v. Varela*, 576 Fed. Appx. 771 (10th Cir. 2014), *cert. denied*, 574 U.S. 1036 (2014).

On December 11, 2015, Varela filed a § 2255 Petition in the United States District Court for the District of Wyoming alleging ineffective assistance of counsel claims. (No. 2:15-cv-00223 (D. Wyo.), ECF No. 1 at Page 4–8.) On August 16, 2017, the district court in Wyoming denied the § 2255 motion. (*Id.*, ECF No. 8 at Page 13.) Varela appealed. On June 12, 2018, the judgment of the district court was affirmed. *United States v. Molina-Varela*, 726 Fed. Appx. 722 (10th Cir. 2018), *cert. denied*, 586 U.S. 1060 (2018).

On March 6, 2024, Varela filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (2:13-cr-00004-ABJ (D. Wyo.), ECF No. 482.) The district court denied his motion. (*Id.*, ECF No. 484 at Page 6.) On July 12, 2024, Varela filed a motion for clarification of sentence seeking a declaratory ruling that the Bureau of Prisons ("BOP ") grant him FSA earned time credits for time served after the term of his 924(c) conviction. (*Id.*, ECF No. 485 at Page 2.) The district

2

court construed Varela's motion as a § 2241 petition and denied relief because Varela was not confined within the district. (*Id.*, ECF No. 487 at Page 3.)

Varela filed the instant § 2241 Petition on August 16, 2024. (ECF No. 2.) Varela challenges the BOP's determination that he is ineligible for First Step Act ("FSA") earned time credits for time served after the term of his 924(c). (*See id*. at PageID 3.)

The Court ordered Warden Harrison to file a response to the § 2241 Petition. (ECF No. 5.) On April 17, 2025, Warden Harrison filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] (ECF No. 10.) Warden Harrison argues that the § 2241 Petition should be dismissed because Varela is statutorily ineligible to earn FSA earned time credits because of his conviction for unlawful possession under § 924(c). (*Id*. at PageID 36–39.)

Warden Harrison's motion is supported by the declaration of Robin Eads, a paralegal for the BOP's Consolidated Legal Center with access to official records for BOP inmates, including Varela's SENTRY Report and administrative history report which are also attached as exhibits.[3] (ECF No. 10-1.) Varela's response to the Motion to Dismiss argues that after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the BOP is no longer entitled to deference and that he is entitled, under the plain language of 18 U.S.C. § 3632(d)(4)(D), to receive FSA earned time credits after serving 51 months for his 924(c) conviction. (ECF No. 11 at PageID 50–52.)

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[3] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information." (ECF No. 10-1 at PageID 41.)

3

## LEGAL STANDARDS

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss. *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

When Varela filed his § 2241 Petition, he was serving his 180-month custodial sentence. (*See* ECF No. 2 at PageID 2.) Varela was released from BOP custody on October 27, 2025.[4]

---

[4] *See* https://www.bop.gov/inmateloc/ (Register No. 12669-091) (last accessed Feb. 17, 2026).

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. "Once the prisoner's sentence has expired, however," he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*

The § 2241 Petition is moot because Varela has completed his custodial sentence and has been released from BOP custody. Any argument that the BOP erred in its application of earned time credits under the FSA has been rendered moot by Varela's completion of his custodial sentence. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citation omitted) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

Varela does not attack his underlying criminal conviction, and the only relief sought in his § 2241 Petition is that Varela receive "FSA [t]ime [c]redits [a]fter 4/15/2017." (ECF No. 2 at

5

PageID 8.) Because Varela has completed his custodial sentence, the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512. Warden Harrison's Motion to Dismiss (ECF No. 10) is **GRANTED** and the § 2241 Petition is **DISMISSED** as moot. Judgment shall be entered accordingly.

## APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Varela leave to appeal *in forma pauperis*.[5]

---

[5] If Varela files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

**IT IS SO ORDERED**, this 18th day of February, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE